# UNITED STATES DISTRICT COURT
### for the

Western __ District of __ North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:21-cr-55-KDB-DCK-1/5:16-cr-13-KDB-DCK-2 |
| Crystal Gail Stikeleather | ) |
| | ) USM No: 32732-058 |
| Date of Original Judgment: 01/06/2022 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated __01/06/2022__ shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 8, 2024

Kenneth D. Bell
United States District Judge

Effective Date: _____
*(if different from order date)*

Kenneth D. Bell
*Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:   Crystal Gail Stikeleather

CASE NUMBER:   5:21-cr-55-KDB-DCK-1/5:16-cr-13-KDB-DCK-2

DISTRICT:   Western District of North Carolina

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____        Amended Total Offense Level: _____

Criminal History Category: _____        Criminal History Category: _____

Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

## II.   SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

## III.   FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendments to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category.  Defendant is ineligible for relief in the revocation sentence imposed in 5:16-cr-13-KDB-DCK-2 as it did not include any status points or zero points.  In 5:21-cr-55-KDB-DCK-1, Defendant had 5 criminal history points before the addition of the 2 status points. (Doc. No. 14, ¶¶ 45-46). With the removal of the 2 status points (because she had 6 points or fewer), criminal history points of 5 equals a criminal history category of III. With an Offense Level of 31 and a criminal history category of III, the sentencing guideline range would be 135-168 months which is what the Court utilized at sentencing. (Doc. No. 25 at 1).  The Court at sentencing varied downward to a sentence of 120 months, the statutory minimum sentence. *Id*. at 3.  Amendment 821 provides no relief to Defendant.